[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2009
THOMAS K. KAHN
CLERK

No. 08-14883
Non-Argument Calendar
_____

D. C. Docket No. 04-00063-CR-5-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELJUAN PRETTYMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 4, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Deljuan Prettyman, proceeding *pro se*, appeals the district court's denial of

his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he raised Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. The district court denied Prettyman's § 3582(c)(2) motion, concluding that he was ineligible for a sentence reduction because he was sentenced to a statutory minimum term of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A). On appeal, Prettyman argues that the district court erred in finding that he was ineligible for a § 3582(c)(2) reduction because the district court, during his original sentencing, did not conduct a hearing on the government's information filed pursuant to 21 U.S.C. § 851. He contends that the district court's failure to hold the hearing in compliance with § 851 led to the erroneous use of a prior state conviction to enhance his sentence. Prettyman argues that these errors prevented him from being eligible for a sentence reduction under Amendment 706.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however,

2

must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in Guidelines § 1B1.10, provide that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A). Guidelines § 5G1.1 provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(b).

Here, the district court did not err in determining that Prettyman, who was sentenced to a statutory minimum term of 240 months' imprisonment under § 841(b)(1)(A), was not eligible for a sentence reduction because his sentence was not affected by Amendment 706. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A); *United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008) (per curiam) (holding that a defendant was not eligible for a sentence

3

reduction under Amendment 706 because he "was subject to a statutory mandatory minimum sentence that replaced his original guideline range. . ."). Furthermore, we decline to review Prettyman's argument that the district court failed to comply with the procedural requirements of § 851 during his original sentencing proceedings because that argument is outside the scope of the § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000) (declining to address an Eighth Amendment argument raised in a § 3582(c)(2) proceeding because § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues. . .").

Upon our review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**